KITCHENS, Justice,
Dissenting.
¶ 22. Whether Officer Maddox’s actions, or the lack thereof, amounted to reckless disregard for the safety and well being of Annie Mae Johnson was a genuine issue of material fact that required a denial of the City of Clarksdale’s pretrial motion to dismiss. Plaintiffs presented evidence that created a question as to whether the perpetrator, Black, already had shattered the front door and was inside the building when Officer Maddox arrived.
¶ 23. As the majority recounts, Johnson was on the telephone with her friend, Tina Billups, when Johnson apparently heard or saw something that prompted her to terminate that call and telephone the police. After her 911 call was disconnected, for reasons unknown, the dispatcher attempted to call back, got a busy signal, and was unable to reestablish telephone contact with Johnson.
¶ 24. Once inside the building from which Ms. Johnson had called, Clarksdale police officers noticed that a telephone had been torn from the wall, was covered with blood and was lying next to her dead body. The abrupt and unexplained disconnect, followed by a busy signal, plus the disabled and blood-covered telephone, constitute rather dramatic and compelling circumstantial evidence that Black already had broken into the building, and that once inside, he had ripped the telephone from the wall before taking this unfortunate woman’s life.
¶ 25. Furthermore, Officer Fortenberry testified that Black had entered and exited the building through the shattered front door. Thus, if Black’s forced entry and presence in the building prompted the decedent’s 911 call, the front door glass would have been shattered when Officer Maddox arrived, and even a modestly diligent inspection would have revealed the door’s condition to him. Officer Maddox claims that he shined a spotlight on the building twice and that nothing appeared unusual; soon thereafter, however, two patrolling officers, who had not gone there in connection with Johnson’s 911 call, readily noticed the shattered front door.
¶ 26. This powerful nucleus of evidence was more than sufficient to require denial of Clarksdale’s motion to dismiss. While respecting the majority’s contrary view, I would reverse and remand for a trial on the merits.
GRAVES, P.J., JOINS THIS OPINION.